CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 05 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| B. K. CRUEY, P.C. and B.K. CRUEY, | ) |
| Plaintiffs, | ) Civil Action No. 7:09CV00516 |
| v. | ) **MEMORANDUM OPINION** |
| STEPHEN C. HUFF, JR., et al., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

B.K. Cruey, an attorney in Montgomery County, Virginia, filed this civil rights action under 42 U.S.C. § 1983 on behalf of himself and his law firm. The case is presently before the court on the motions to dismiss filed by Deputy R.J. Kirby, Sheriff J.T. Whitt, and Howard Gregory. The court held a hearing on the defendants' motions on April 19, 2010. For the reasons that follow, the motions to dismiss filed by Kirby and Whitt will be granted in part and denied in part, and the motion to dismiss filed by Gregory will be granted.

## Background

The following summary of the facts, which is taken from the plaintiffs' complaint, is accepted as true for purposes of the defendants' motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Since March of 1999, Cruey has leased a house on a 29-acre tract of land in Montgomery County owned by Scott and Pam Easter. The house is situated approximately one-half mile from Ironto Road and is accessible by a driveway that crosses the Roanoke River.

Defendants Bruce and Roger Nester own a tract of land that adjoins the driveway. The driveway has been the subject of ongoing disputes involving the Nesters, the Easters, and Cruey. In the late 1990s, Cruey represented the Easters in a declaratory judgment action against the

Nesters. By order entered October 11, 1999, the Circuit Court of Montgomery County held that the Nesters had abandoned their easement over the driveway, and that the Nesters had no right to interfere with the Easters' use of the driveway. Notwithstanding the order, the Nesters continued to use the driveway, and on January 9, 2001, Bruce Nester was convicted of trespassing. Despite the conviction, the Nesters and a group with whom they associate have continued to trespass upon the driveway.

On November 11, 2006, an excavating company began working on the driveway bridge and the well behind Cruey's residence. As Cruey prepared to leave his residence, he was approached by Deputy R.J. Kirby from the Montgomery County Sheriff's Office, who claimed that Bruce Nester owned the bridge and the driveway. When Cruey advised Kirby of the 1999 Circuit Court order and of the fact that Bruce Nester had been convicted of trespassing upon the driveway, Kirby grabbed Cruey, threw him to the ground, and tightly handcuffed Cruey's hands behind his back. Kirby then ordered workers from the excavating company to search Cruey and to remove items from his pockets. Although Cruey asked Kirby to loosen the handcuffs because they were causing severe pain, Kirby refused to do so.

Kirby escorted Cruey to a police car that was parked on the driveway bridge. Both Bruce and Roger Nester were waiting at the bridge. Cruey alleges that Kirby conferred with Bruce and Roger Nester and asked them if they wanted him to take Cruey to jail. The Nesters responded in the affirmative and Kirby proceeded to do so at their direction.

Kirby remained handcuffed during the 25-minute trip to the jail. Although Cruey "pleaded for Kirby to loosen the handcuffs because he was in severe pain," Kirby refused to

loosen the cuffs and allegedly grinned at Cruey. (Compl. at para. 57). Cruey also alleges that Kirby refused to provide an explanation for the arrest.

Kirby and a Montgomery County magistrate ultimately decided to charge Cruey with blocking a public highway in violation of Virginia Code § 18.2-404, since Cruey's lawnmower was in or near the driveway. Cruey alleges that Kirby knew that the driveway was not a public highway, but that Kirby could provide no other grounds for Cruey's warrantless arrest. Cruey further alleges that the charge was later nolle prossed by the Commonwealth once the Commonwealth's Attorney learned of Bruce Nester's prior trespassing conviction.

On November 13, 2006, two days after the arrest, Cruey was treated for numbness and loss of use in his left hand. Cruey was forced to wear a brace for several weeks and subsequent tests showed signs of nerve damage resulting from the handcuffs.

Approximately one year later, on November 3, 2007, Bruce and Roger Nester called the Montgomery County Sheriff's Office again after Cruey made arrangements to have the driveway bridge repaired. Deputy D.L. Conner responded to the Nesters' call and demanded that Cruey remove tools and equipment from the bridge. Cruey alleges that both Deputy Conner and Sheriff J.T. Whitt were aware of the prior Circuit Court order, the fact that Bruce Nester had been convicted of trespassing upon the driveway, and the fact that Cruey's 2006 charge of blocking a public highway had been dismissed. Nonetheless, after speaking with Sheriff Whitt, Conner swore out a warrant against Cruey that again charged him with blocking a public highway, and Cruey was arrested on November 7, 2007. Cruey alleges that "[t]hese actions were taken by Whitt and Conner knowingly and maliciously without any probabl[e] cause whatsoever," and that the charge was ultimately nolle prossed. (Compl. at para. 79).

Cruey alleges that the Nesters and their associates have completely taken over his driveway since his second arrest, and that the Nester group has prevented Cruey and other members of his household from leaving the property on multiple occasions. Although Cruey has attempted to swear out warrants against the Nester group, his requests have been denied.

On the night of October 17, 2009, Cruey left his truck parked in front of his law office in Shawsville. At approximately 10:15 p.m., defendant Howard Gregory, an alleged associate of the Nesters, set fire to the truck and the office building with an explosive device. As a result of the incident, Cruey's staff has refused to return to the law office, and Cruey has been forced to work from home.

Cruey filed this action under 42 U.S.C. § 1983 on December 22, 2009.[1] Cruey alleges, inter alia, that the moving defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Cruey also alleges that the moving defendants engaged in a conspiracy to harm his law practice in violation of Virginia Code §§ 18.2-499 and 18.2-500. Additionally, Cruey asserts supplemental state tort claims of assault, battery, and false imprisonment against Deputy Kirby.

## Standard of Review

Deputy Kirby, Sheriff Whitt, and Howard Gregory have moved to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro,

---

[1] Cruey previously filed an action in state court that involved the same parties and issues as the instant action. Cruey alleges that the state court action was non-suited, that the instant action was filed within six months thereafter, and thus, that the applicable statute of limitations was tolled pursuant to Virginia Code § 8.01-229(E)(3). Although Deputy Kirby initially challenged whether the instant claims against him were timely filed, he has since withdrawn that argument.

178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion under this rule, the court "must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## Discussion

### I. Claims under 42 U.S.C. § 1983

The instant complaint is filed pursuant to 42 U.S.C. § 1983. Although not a source of substantive rights itself, § 1983 provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). To state a claim under § 1983, a plaintiff must allege sufficient facts to establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

#### A. Deputy Kirby

Having reviewed the plaintiffs' complaint, the court concludes that the allegations pertaining to Deputy Kirby's actions on November 11, 2006 are sufficient to state a claim under

§ 1983 against Kirby. Cruey has clearly alleged a violation of his rights under the Fourth Amendment, which prohibits unreasonable searches and seizures. As previously summarized, Cruey alleges that Kirby falsely arrested him without probable cause, and that Kirby unlawfully ordered private citizens to search his person. It is well-established that a warrantless arrest without probable cause is unreasonable within the meaning of the Fourth Amendment. Clark v. Link, 855 F.2d 156, 162 (4th Cir. 1988). Likewise, a warrantless search is unreasonable unless the search is incident to a valid arrest or is made in other exceptional circumstances that dispense with the need for a search warrant. United States v. Eldridge, 302 F.2d 463, 467 (4th Cir. 1962).

The court also concludes that the allegations in the complaint are sufficient to state a claim for excessive force under the Fourth Amendment. The United States Supreme Court has held that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395 (1989) (emphasis in original). That standard is an objective one; it focuses on whether a reasonable officer in the same circumstances would have concluded that the circumstances justified the particular use of force. Anderson v. Russell, 247 F.3d 125, 129 (4th Cir. 2001).

In this case, the complaint alleges that Kirby grabbed Cruey and threw him to the ground when Cruey attempted to explain that the Nesters do not own the driveway, and that Kirby handcuffed Cruey's wrists so tightly that Cruey suffered nerve damage and loss of use in his left hand. The court concludes that such allegations, which must be accepted as true at this stage of the litigation, are sufficient to suggest that Kirby used excessive force under the circumstances.

Accordingly, Kirby's motion to dismiss will be denied with respect to Cruey's claims for unlawful arrest, unlawful search, and excessive force under the Fourth Amendment.[2]

## B. Sheriff Whitt

The court also concludes that Cruey has alleged sufficient facts to state a claim under § 1983 against Sheriff Whitt. While Sheriff Whitt correctly notes that liability under § 1983 cannot be premised on respondeat superior, the factual allegations pertaining to Cruey's second arrest in 2007 are sufficient to establish that Whitt was personally involved in the violation of Cruey's constitutional rights, specifically his rights under the Fourth Amendment. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (explaining that the doctrine of respondeat superior has no application under § 1983 and that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights") (internal citation and quotation marks omitted).

The Fourth Amendment claim against Sheriff Whitt is premised on Cruey's 2007 arrest for blocking a public highway. Although that arrest was effectuated pursuant to an arrest warrant, Cruey contends that both Deputy Conner, the officer who applied for the warrant, and Sheriff Whitt were aware that the warrant was not supported by probable cause. As previously summarized, the complaint alleges that the Nesters called the Sheriff's Office again in 2007 after

---

[2] The court notes that while Cruey also cites to the Fifth and Fourteenth Amendments, the constitutional violations described in the plaintiffs' complaint need only be analyzed under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 272 (1994) (recognizing that claims of false arrest are properly analyzed under the Fourth Amendment); Winfield v. Bass, 106 F.3d 525, 530 n.2 (4th Cir. 1997) (noting that the Fifth Amendment applies only to federal actors); Graham v. Connor, 490 U.S. at 395 (holding that a claim of excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment).

Cruey made arrangements to have the driveway bridge repaired. Although Deputy Conner and Sheriff Whitt were both aware of the prior Circuit Court order regarding the property, the fact that Bruce Nester had been convicted of trespassing upon the driveway, and the fact that Cruey's 2006 charge had been dismissed, Conner, after conferring with Sheriff Whitt, swore out an arrest warrant against Cruey that again charged him with blocking a public highway. Cruey alleges that Conner and Whitt acted "knowingly and maliciously without probabl[e] cause" and that the charge was ultimately nolle prossed. (Compl. at para. 79).

The United States Court of Appeals for the Fourth Circuit has held that a § 1983 claim seeking damages for unconstitutional arrest or confinement imposed pursuant to legal process is "analogous to the common-law tort of malicious prosecution," Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996), and that such claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates elements of the common law tort," Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). Specifically, to prevail on a claim for malicious prosecution under the Fourth Amendment, a plaintiff must prove that the defendants "'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" Burrell v. Commonwealth, 395 F.3d 508, 514 (4th Cir. 2005) (quoting Brooks, 85 F.3d at 183-184) (alterations in original).

Applying these principles, the court concludes that the allegations in the plaintiffs' complaint are sufficient to state a Fourth Amendment claim for malicious prosecution against Sheriff Whitt. Accordingly, Sheriff Whitt's motion to dismiss will be denied with respect to this claim.

### C. Howard Gregory

Howard Gregory is named as a defendant in the instant action because he allegedly vandalized Cruey's truck on October 17, 2009 and set the truck on fire while it was parked at Cruey's law office. To the extent the complaint asserts a claim under § 1983 against Gregory, such claim must be dismissed. As the court noted during the hearing on the defendants' motions, the complaint fails to identify any specific federal constitutional right that was violated by Gregory, and it is well-settled that "not every violation of state law [rises to the level of a constitutional violation]." Robles v. Prince George's County, 308 F.3d 437, 438 (4th Cir. 2002) (Wilkinson, J., concurring in the denial of rehearing en banc). Moreover, the complaint is devoid of factual assertions that would establish that Gregory, a private citizen, was acting under color of state law. Consequently, any § 1983 claims against Gregory must be dismissed.

### II. Claims under State Law

The plaintiffs also asserts a supplemental claim against all of the moving defendants under the Virginia Business Conspiracy Act, which imposes civil liability on any two or more persons who "combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business, or profession." See Va. Code §§ 18.2-499 and 18.2-500. To prevail on a statutory business conspiracy claim, a plaintiff must prove by clear and convincing evidence the following elements: (1) concerted action; (2) legal malice; and (3) causally related injury. To survive a motion to dismiss, such claim "must be pleaded with particularity, and with more than mere conclusory language." Gov't Employees Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) (internal citation and quotation marks omitted); see also Field v. GMAC LLC, 660 F. Supp. 2d 679, 689 (E.D. Va.

2008) (describing the "heightened pleading standard" applicable to claims under the Virginia Business Conspiracy Act).

In this case, the plaintiffs' business conspiracy claim appears to be based on the incident that occurred on October 17, 2009, during which Cruey's vehicle and law office were set on fire. Although the plaintiffs identify Gregory as the individual responsible for setting off the explosive device that caused the fire, the allegations in the plaintiffs' complaint are insufficient to establish that the incident was the product of a conspiratorial agreement between Gregory and other named and unnamed parties. While the plaintiffs assert that Gregory, upon information and belief, was "hired by <u>one or more</u> of the . . . defendants," and that neither Cruey nor the owner of the building have been contacted by the Sheriff's Office regarding the incident, such allegations fail to satisfy the heightened pleading standard applicable to business conspiracy claims, and are otherwise insufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 570; see also Field, 660 F. Supp. 2d at 689 (dismissing the plaintiff's statutory business conspiracy claim since the plaintiff provided "no additional details with regard to the identities or roles of [the] alleged co-conspirators and no factual basis to discern the method of the alleged conspiracy or how it was carried out") (internal citation and quotation marks omitted). Accordingly, the court will grant the defendants' motions with respect to this claim.

As a final matter, the court notes that Cruey also asserts supplemental state tort claims for assault, battery, and false imprisonment against Deputy Kirby. Those claims, which are not addressed in Kirby's motion, will be taken under advisement pending further factual development.

## Conclusion

For the reasons stated, the motion to dismiss filed by Deputy Kirby will be granted in part and denied in part; the motion to dismiss filed by Sheriff Whitt will be granted in part and denied in part; and the motion to dismiss filed by Howard Gregory will be granted.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 5th day of May, 2010.

*[signature]*
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| B. K. CRUEY, P.C. and B.K. CRUEY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 7:09CV00516 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEPHEN C. HUFF, JR., et al., | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendants. | ) | |

In accordance with the accompanying memorandum opinion, it is hereby

**ORDERED**

as follows:

1. The motion to dismiss filed by R.J. Kirby is **GRANTED IN PART AND DENIED IN PART**;

2. The motion to dismiss filed by J.T. Whitt is **GRANTED IN PART AND DENIED IN PART**; and

3. The motion to dismiss filed by Howard Gregory is **GRANTED**, and Gregory is **DISMISSED** from the case.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to all counsel of record.

**ENTER:** This 5th day of May, 2010.

_____
United States District Judge